# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-03155-MDH |
| | ) | |
| CARLTON NORAH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge. (Doc. 11). The Magistrate Judge found by clear and convincing evidence that Defendant suffers from a mental disease or defect that creates a substantial risk of bodily injury to another person or serious damage to the property of another, were he to be released, and recommended that the Defendant be committed to the custody of the Attorney General under 18 U.S.C. § 4246. Defendant has filed exceptions (Doc. 12) and the matter is ripe for review.

Defendant was sentence by this Court on November 5, 2007, to 51 months of imprisonment followed by three years of supervised release after being convicted for the offense of threatening the life of the President in the case assigned number 07-CR-03030-01-MDH. While on supervised release, Defendant allegedly assaulted a fellow resident at a mental health residential facility and was expelled from that facility. After the government initiated revocation proceedings, this Court found him incompetent to proceed. Since October 3, 2017, he has been hospitalized at the USMCFP. On March 7, 2019, the Court determined it was unlikely he would be restored to competency and ordered he be evaluated pursuant to § 4246. (Doc. 1-1 at 3). On March 6, 2019, Kylie Walker, Psy.D., a licensed clinical psychologist, prepared a forensic psychological report

alongside a risk assessment panel that included another psychologist, a psychiatrist, and a social worker. (Doc. 1-2). She diagnosed Defendant with schizophrenia. *Id.* at 25. The panel concluded that on account of Defendant's chronic serious mental illness, proven inability to function in a less-restrictive environment, history of violent and threatening behaviors, history of drug use, history of poor treatment and supervision response, and profound lack of insight into his mental illness, *inter alia*, he posed a substantial risk of bodily injury to another person or serious damage to the property of another if released and recommended he be committed under § 4246. (Doc. 1-2 at 27).

Defendant requested and received an independent psychological evaluation from Richart L. DeMier, Ph.D., ABPP. In his report, Dr. DeMier concurred with the opinion and recommendation of the Risk Assessment panel, finding that Defendant "has a significant history of violent conduct" driven by either "his psychotic disorder or his personality disorders" and that he "meets the criteria for civil commitment." (Doc. 7 at 6).

In light of the conclusions of the Risk Assessment panel and the independent psychological evaluator, the Magistrate Judge recommended Defendant be committed under § 4246. Defendant excepts to the recommendation of the Magistrate Judge, arguing the government has not met its evidentiary burden required under § 4246. (Doc. 12). Defendant points solely to his testimony at the evidentiary hearing held before the Magistrate Judge on July 16, 2019 (Doc. 9), where he stated that he does not believe he has a mental illness, that he is taking medications that are not for mental illness, and that he does not believe that if released into the community he would be a danger to other people or their property. (Doc. 10 at 3-4).

After carefully review of the record, the Court finds that Defendant's testimony as to his lack of mental illness and dangerousness is not credible in the face of the unanimous conclusions of the Risk Assessment Panel and his own psychological evaluator. The Court finds that the

government has demonstrated by clear and convincing evidence that Defendant suffers from a mental disease or defect that creates a substantial risk of bodily injury to another person or serious damage to the property of another, were he to be released. Consequently, the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED**. Defendant is **COMMITTED** to the custody of the Attorney General pursuant to 18 U.S.C. § 4246.

**IT IS SO ORDERED.**


DATED: August 19, 2019

                                             */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**